IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                        No.   07-cr-40006 JPG

DEKAL T. JAMES,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dekal T. James' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 504).   The Government has not responded to the defendant's motion.

James pled guilty to one count of conspiring to distribute crack cocaine, two counts of distributing crack cocaine, and one count of using a place to distribute crack cocaine.   At sentencing, the Court found by a preponderance of the evidence that James' relevant conduct was at least 150 grams but less than 500 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32.   His offense level was increased by 2 points under U.S.S.G. § 2D1.1(B)(1) and reduced by 3 points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that James was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 37, again reduced by 3 points to 34 for acceptance of responsibility.   Considering James' criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2007 United States Sentencing Guidelines Manual.

262 to 327 months in prison on the conspiracy and distribution counts and 240 months in prison on the count of using a place to distribute crack cocaine. The Court imposed a sentence of 262 months in prison on the conspiracy and distribution counts and 240 months in prison on the count of using a place to distribute crack cocaine, all terms to run concurrently.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** his motion (Doc. 504).  The Court **DIRECTS** the Clerk of Court to send a copy of this order to Dekal T. James, Reg. No. 07331-025, FCI Petersburg Medium, Federal Correctional Institution, P.O. Box 1000, Petersburg, VA  23804.

**IT IS SO ORDERED.**
**DATED:   February 24, 2015**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**